UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KATHLEEN M. COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 1:13-cv-00039 |

## STIPULATED PROTECTIVE ORDER

Whereas, Defendant Bank of America, N.A. ("Defendant") and Plaintiff Kathleen M. Collins ("Plaintiff") (collectively, the "Parties"), have stipulated that certain discovery material be treated as confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Accordingly, it is this 1st day of APRIL, 2013, by the United States District Court for the Southern District of Ohio, Western Division, ORDERED:

1. <u>Designation of Discovery Materials as Confidential</u>. All materials produced after the date of this Order, including documents and things produced in the course of discovery, answers to Interrogatories, responses to requests for admission, deposition and trial exhibits, and transcripts of depositions and hearings (or portions of such transcripts) (collectively "Discovery Materials"), shall be subject to this Order concerning confidential information, as set forth below:

(a)     The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."

(b)     A Party may designate Discovery Materials as Confidential to the extent that the Party, through its counsel, believes in good faith such Discovery Materials are confidential because they include any of the following: (a) sensitive nonpublic financial information and statements; (b) business or technical information that, if disclosed to the general public or competitors of any Party, could reasonably be expected to cause competitive harm to that Party; (c) trade secrets; (d) proprietary business information, including business methods or practices, business plans and records of internal deliberations and decision-making, and policies and procedures not generally published, including those concerning compensation, underwriting, loan origination, loan servicing, business operations, and training that, if disclosed to the general public or competitors of any Party, could reasonably be expected to cause competitive harm to that Party; (e) individual personal information that is protected from disclosure under state or federal law, including identifying personal financial information, about any Party, any employee of any Party, or any third party; and/or (f) information regarding any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history. A party shall not routinely designate Discovery Material as Confidential, or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

(c)     Documents may be designated as Confidential at any time, including that a Party may mark a document as Confidential after it was earlier produced without such a designation, with the effect that such document is thereafter subject to the provisions of this Protective Order

subject to the right of the non-producing Party to object to such later designation pursuant to the terms of this Protective Order. Any documents designated as Confidential prior to entry of this Protective Order shall be treated the same in all respects as documents designated as Confidential after the entry of this Protective Order. This Protective Order also treats as Confidential communications designated as confidential orally at depositions or hearings, or in writing after a transcript is issued, as set forth in Paragraph 8 below.

2.  <u>Definition of Litigation</u>. As used herein, "Litigation" shall refer to the above-captioned action, and any appeals thereof only, and shall not include any related cases, or proceedings.

3.  <u>Limitations on Disclosure of Confidential Information</u>. Discovery materials designated as Confidential, and information derived therefrom, shall be maintained in confidence by the Party to whom such materials are produced or given; and the Party that receives materials designated as Confidential shall not disclose them to any person or entity except the following qualified recipients:

    (a)  The Court and its officers;

    (b)  Each Party to this Litigation;

    (c)  Counsel of record in the Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligation hereunder;

    (d)  In-house counsel for the Parties and any current or former officers, directors, or employees assisting counsel in the preparation of this action for trial or other proceedings;

    (e)  Outside consultants and experts retained by counsel or the Parties to furnish technical or expert services in connection with this Litigation or to give testimony with respect to

3

the subject matter of this Litigation at the trial of this Litigation or other proceeding herein, or witnesses or deponents in advance of and in preparation for testimony; provided that each such third party (1) has been provided a copy of this Protective Order, and (2) has signed an agreement (in a manner and form identical or comparable to Attachment A hereto) acknowledging his or her receipt of the Protective Order, agreement to be bound by its terms and his or her consent to personal jurisdiction before this Court;

(f) An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, provided each such third party (1) has been provided a copy of this Protective Order, and (2) has signed an agreement acknowledging his or her receipt of the Protective Order, agreement to be bound by its terms and his or her consent to personal jurisdiction before this Court;

(g) Other persons, provided that (1) the producing Party has consented in writing to disclosure to such other person and (2) such other person (i) has been provided a copy of this Protective Order, and (ii) has signed a receipt acknowledging his or her receipt of the Protective Order, agreement to be bound by its terms and his or her consent to personal jurisdiction before this Court;

(h) Deponents in depositions in this Litigation, provided any materials marked Confidential shall be subject to the provisions of Paragraphs 8 through 10 of this Protective Order;

(i) Any copy services or other service providers engaged by counsel or the Parties to assist in this Litigation, provided that each such third party (1) has been provided a copy of the Protective Order, and (2) has signed a receipt acknowledging his or her receipt of the Order, agreement to be bound by its terms, and his or her consent to personal jurisdiction before this

Court; and/or

(j) Any individual or entity charged with enforcing obligations imposed by the Professional Rules of Responsibility and/or various states ethics rules and duties governing attorney conduct; provided that the party disclosing the Confidential materials may only disclose (i) the name of any individual or entity potentially in violation of a state ethics rule or the Professional Rules of Responsibility, (ii) the underlying case caption and number related to the potential violation of a state ethics rule or the Professional Rules of Responsibility, and (ii) any pleadings or other material not designated Confidential pursuant to this Order. Nothing in this Protective Order shall be construed to limit the use of any material provided pursuant to subsections 3(j)(i), (ii) or (iii) by any individual or entity charged with enforcing obligations imposed by the Professional Rules of Responsibility and/or various state ethics rules governing attorney conduct.

4. <u>Limitations on Use</u>. The Party receiving Confidential materials shall use them solely for purposes of this Litigation and/or in any settlement negotiations between the Parties; and shall not use them for any other purpose, including, without limitation, in connection with any other present or future disputes, proceedings or litigation; any business, investment, commercial, competitive, personal or other purpose; to discover or attempt to discover the identities of, or personal information about potential class members in the Litigation or to identify or solicit potential additional named plaintiffs, unless and until such time as a class is certified in this Litigation.

5. <u>Limitation of Disclosure</u>. Confidential Discovery Materials, copies thereof, or portions, summaries, or abstracts thereof, shall not be made public by the Party to whom they are disclosed, unless such Confidential Discovery Materials, or copies thereof, become part of the

5

public record of this Litigation through no fault or other improper conduct of the Party to whom they are disclosed.

6. <u>Determination of Confidentiality</u>. This Protective Order shall not foreclose any Party from moving this Court for an order finding that specific Discovery Materials either are or are not subject to the provisions of this Protective Order. Pending the resolution of such a motion, the materials shall continue to be treated as Confidential Discovery Materials.

7. <u>Supplemental Orders</u>. This Protective Order shall not foreclose any Party from moving the Court for an order relieving the Party of the effect of the Protective Order or from applying to the Court for further or additional Protective Orders. In addition, the Parties may move for modification of this Protective Order, subject to the approval of the Court.

8. <u>Use of Confidential Discovery Materials at Depositions</u>. If counsel for any Party believes that a question put to a witness being examined in a pretrial deposition will disclose Confidential Discovery Materials, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such Confidential Discovery Materials, such counsel may so notify requesting counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, supporting personnel identified in Paragraph 3, Parties to the Litigation, the court reporter, video operator and their assistants, and persons who have signed a receipt acknowledging the receipt of this Protective Order and agreement to be bound by its terms. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly. A Party may also designate all or part of a deposition transcript as Confidential Discovery Materials within thirty (30) days of its receipt of the transcript by letter to the court reporter, with a copy provided to counsel for the other parties, unless otherwise agreed as

circumstances require. Failure to invoke this option shall not destroy, infringe or erode the confidential nature of such information if the information is later designated as Confidential.

9. <u>Designation of Transcripts of Depositions</u>. Transcripts or portions of the transcripts of such depositions that have been designated confidential shall be treated as Confidential Discovery Materials.

10. <u>Use of Transcripts of Depositions</u>. No copy of the portion of any deposition transcript that is designated in whole or in part as containing Confidential Discovery Materials shall be prepared for or furnished by the reporter to any person other than to counsel for the Parties, and shall be provided only to the persons identified in Paragraph 3.

11. <u>No Modification of Privileges</u>. Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product doctrine, the bank examination privilege, or any other applicable privilege or reason for non-disclosure.

12. <u>Use of Confidential Discovery Materials in Discovery, Motions and Pre-Trial</u>. Confidential Discovery Materials may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, in connection with settlement negotiations, and to prepare for trial, all subject to provisions of this Protective Order or any further order regarding confidentiality as this Court may enter. In the event this matter goes to trial, a separate order shall be entered by the Court regarding the treatment of such information during trial.

13. <u>Confidential Discovery Materials Filed with Court</u>. To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are to be filed with the Court, the party seeking to file such materials shall take reasonable steps to redact all Confidential information prior to submission to the Court. If the party seeking to file

the Confidential Discovery Materials concludes that the Confidential Discovery Materials must be submitted to the Court in unredacted form, the party seeking to file the Confidential Discovery Materials shall seek an appropriate ruling from the Court regarding whether the Confidential Discovery Materials may be filed under seal pursuant to the requirements set out in Local Rule 79.3. Until such a ruling is obtained, the parties will take reasonable steps to ensure that the Confidential Discovery Materials are not made part of the public record.

14. Use at a Hearing. Subject to the discretion of the Court, a Party may request that the Court maintain the confidentiality of Confidential Discovery Materials during all pre-trial court proceedings; provided, however, that nothing herein prevents any other Party from opposing such request. Before trial of this Litigation or any hearing involving Confidential Discovery Materials or information derived therefrom, the Parties, through counsel, shall confer in an attempt to agree on an appropriate form of order to submit to the Court regarding the Confidential status, if any, to be afforded documents, testimony or other information to be disclosed during the course of the trial or hearing. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

15. Inadvertent Disclosure of Privileged Documents. Inadvertent production of documents or discovery material otherwise subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not automatically constitute a waiver of any applicable privilege or immunity. Upon notification that a document or other discovery material has been inadvertently produced and that a claim of any applicable privilege will be made with regard to such document or other discovery material, the Party receiving such notice shall segregate such materials and advise the producing Party if they dispute the claim of inadvertence

8

or assert waiver. If the parties cannot resolve this dispute, the matter shall be presented to the Court for consideration and an *in camera* review of such materials. If the receiving Party does not challenge the claim of inadvertence or assert waiver, the receiving Party shall promptly either destroy or return the inadvertently produced materials. If the Court determines the privilege has not been waived, the material shall be either returned or destroyed, and the inadvertent production of any document or discovery shall not be deemed to be a waiver of the claim of privilege or protection against disclosure. Notwithstanding the foregoing, nothing in this paragraph shall prevent a receiving Party from challenging the producing Party's designation of the document or discovery as subject to attorney-client privilege, attorney work product and/or any other applicable privilege, or to assert the privilege has been waived based upon the circumstances. The designating Party shall have the burden of demonstrating that the material or testimony is privileged. The receiving Party may retain copies of the document for the purpose of challenging the producing Party's designation of the document or discovery as subject to attorney-client privilege, attorney work product and/or any other applicable privilege.

16. Inadvertent Disclosure of Confidential Discovery Materials. If a Party or any of its representatives, including but not limited to its counsel, outside consultants, and experts inadvertently disclose any information or documents designated as Confidential pursuant to this Protective Order to persons who are not authorized to use or possess Confidential Discovery Materials, the Party shall provide immediate written notice of the disclosure to the Party whose Confidential Discovery Materials were inadvertently disclosed. Similarly, in the event a Party has actual knowledge that Confidential Discovery Materials are being used or possessed by a person not authorized to use or possess Confidential Discovery Materials pursuant to this Protective Order, regardless of how the Confidential Discovery Materials were disclosed or

9

obtained by such person, the Party shall provide immediate written notice of the unauthorized use or possession to the party whose Confidential Discovery Materials are being used or possessed.

17. <u>Actions to Protect Confidential Discovery Materials</u>. In the event that the Court determines that there is an actual or threatened breach of the agreement by the Party who received the Confidential Discovery Materials, the Parties agree that the Party providing the Confidential Discovery Materials would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Protective Order, in addition to any other remedy the Party may be entitled at law or in equity.

18. <u>Discovery Disputes Concerning Application of this Order</u>. Any Party to this Litigation objecting to the designation of any Confidential Discovery Materials during this Litigation or the application of any provision of this Protective Order may seek an order vacating the designation or the application of said provision. While such an application is pending, the discovery material or testimony in question shall be treated as Confidential pursuant to this Protective Order. The Party challenging the Confidentiality designation must meet and confer with the designating Party and attempt to resolve any dispute prior to seeking relief from the Court. The designating Party shall have the burden of demonstrating that the material or testimony should be given confidential treatment or other protection.

19. <u>Return of Confidential Discovery Materials</u>. Within thirty (30) business days after the final termination of this Litigation, including by settlement or exhaustion of all appeals, counsel for each producing Party shall inform all counsel to whom Confidential Discovery Materials were produced whether the receiving Party is to (a) return all Confidential Discovery Materials in his, her or its possession, custody or control, and all copies, portions, summaries, derivations,

notes or abstracts thereof to counsel for the disclosing Party or (b) destroy all copies thereof. Within thirty (30) business days of such notice, counsel to whom Confidential Discovery Materials were produced shall, at the option of the retaining Party, either return all Confidential Discovery Materials in his, her or its possession, custody or control, and all copies, portions, summaries, derivations, notes or abstracts thereof to counsel for the disclosing Party or shall certify, in writing, the destruction thereof to counsel for the disclosing Party. Counsel for a Party may retain one file copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits created in connection with this Litigation that includes Confidential Discovery Materials, but such documents shall continue to be kept confidential pursuant to this Protective Order. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. This Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

20.     Material and Information Otherwise Obtained. Nothing in this Protective Order shall apply to documents, information, material, or any portion thereof obtained by any party on a non-confidential basis from an unrelated person or entity ("Independently-Obtained Documents"), provided that if an Independently-Obtained Document duplicates, in whole or in part, documents already produced to the party and designated as Confidential, and the Independently-Obtained Document was obtained directly or indirectly by the unrelated person or entity as a result of discovery from any Defendant or affiliated entity in litigation involving any Defendant or affiliated entity, and such document was the subject of materially similar protections as Confidential Discovery Materials received under this Protective Order, such Independently-Obtained Document, or the duplicative portion thereof, shall be treated by the

11

party as Confidential Discovery Materials if the Party who originally designated the material as Confidential so requests. The Party challenging the Confidentiality designation must meet and confer with the designating Party and attempt to resolve any dispute prior to seeking relief from the Court. Nothing in this paragraph shall be deemed to relieve any unrelated party or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

21. No Waiver of Rights. Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

22. Effect on Scope of Discovery. Nothing in this Protective Order shall in any way expand or limit the permissible scope of discovery in this Litigation.

23. Binding Nature of this Order. This Protective Order shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and ordered to remain under seal); and (b) that a party may seek the written permission of the producing Party or further order of the Court with respect to dissolution or modification of any of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of both Parties, continue to be binding after the conclusion of this action.

24. Other Parties and Third Parties. Other parties to this Litigation, including any additional parties that join or are joined in this Litigation, may have access to Confidential Discovery Materials, and may gain the benefits of this Protective Order with respect to any documents or Discovery Materials they produce, only by additional order of the Court or by the Party's

12

executing and filing with the Court a stipulation agreeing to be fully bound by this Protective Order.

25. <u>Notice of Court Subpoena or Order</u>. If another court, governmental, quasi governmental or administrative agency requests, demands, subpoenas or orders production of Confidential Discovery Materials which a Party has obtained under the terms of this Order, such Party shall promptly notify the designating Party (not more than 48 hours after receipt of the request, demand, subpoena or order) of the pendency of such requests, demands, subpoena or order, and shall furnish the designating Party with a copy of said request, demand, subpoena or order. The designating Party shall be afforded a reasonable opportunity to oppose the request, demand, subpoena or order and the Party that has been ordered to produce the Confidential Discovery Material shall not produce such Confidential Discovery Material before the date compelled by law. Nothing is this paragraph is intended to require a Party to disobey a lawful demand, subpoena or order.

26. <u>Party's Use of Own Confidential Discovery Materials</u>. This Protective Order has no effect upon, and shall not apply to, a producing Party's use of its own Confidential Discovery Materials for any purpose. However, to the extent a party treats its own Confidential Discovery Materials in this Litigation in a manner that is inconsistent with the non-producing Party's obligations regarding such materials under this Protective Order (for example, filing such materials as part of a publicly-available document, not under seal), the non-producing Party will be relieved of those obligations in this Litigation with respect to those particular Confidential Discovery Materials (and not any other Confidential Discovery Materials) to the same extent as the producing Party's treatment of those Confidential Discovery Materials in this Litigation conflicts with the non-producing Party's obligations.

IT IS SO ORDERED this <u>1st</u> day of <u>APRIL</u>, 2013.

_____
Timothy S. Black
The Honorable Judge Black
United States District Court

**Agreed as to Substance and Form and Entry Requested By:**

s/ Jeffery R. Harris
Jeffery R. Harris, Esq.
Sylvie Derrien, Esq.
*jharris@statmanharris.com*
*sderrien@statmanharris.com*
Statman Harris & Eyrich, LLC
3700 Carew Tower
441 Vine Street
Cincinnati, OH 45202


Robert B. Newman, Esq.
*robertnewman@newman-meeks.com*
Newman & Meeks Co., LPA
215 East Ninth Street
Suite 650
Cincinnati, OH 45202
(513) 639-7000

*Attorneys for Plaintiff Kathleen Collins*

Scott A. King (0037582)
scott.king@thompsonhine.com
Thompson Hine LLP
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, Ohio 45342-4934
Tel: (937) 443-6560
Fax: (937) 443-6635


s/Kathryn F. Lazarev
Sabrina M. Rose-Smith (*pro hac vice*)
*srosesmith@goodwinprocter.com*
Kathryn Lazarev (*pro hac vice*)
*klazarev@goodwinprocter.com*
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444

*Attorneys for Defendant Bank of America, N.A.*

DATED this 25th day of March, 2013

## ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|   |   |
|---|---|
| KATHLEEN M. COLLINS,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>      Defendant. | Civil Action No. 1:13-cv-00039-SSB-SKB |

I, _____, declare and state that:

    1.   I reside at _____

_____.

    2.   I am employed as _____

by _____.

    3.   I have read and understand the provisions of the Protective Order entered in *Collins v. Bank of America, N.A.*, Case No. 1:13-cv-00039-TSB-SKB, and have received a copy of the Protective Order in this action dated _____, 2013. As a condition precedent to receiving any Confidential Discovery Materials, as defined in the Protective Order, I agree to abide by all provisions of the Protective Order and to subject myself to the personal jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, with respect to the application and enforcement of the provisions of the Protective Order. I understand that I am obligated, under the Protective Order, to hold in confidence and not disclose any Confidential Discovery Materials except as permitted by the Protective Order.

LIBW/1857973.3

5.  I understand that I am to retain all copies of any documents designated as Confidential Discovery Materials in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Discovery Materials are to be returned to counsel who provided me with such material.

6.  I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this Litigation, any information obtained pursuant to the Protective Order, except as provided therein. I also agree to notify any secretarial, clerical, or supporting personnel who are required to assist me of the terms of the Protective Order and to take steps to ensure their compliance with the terms of the Protective Order.

7.  I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action or proceeding for damages.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

Executed on _____, 20____

at _____.

LIBW/1857973.3