UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHLEEN M. COLLINS,

        Plaintiff,

       v.

BANK OF AMERICA, N.A.,

        Defendant.

Civil Action No. 1:13-cv-00039 – TSB

Judge Timothy S. Black

## FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE

WHEREAS, Plaintiff and Class Representative Kathleen M. Collins ("Plaintiff"), and Defendant Bank of America, N.A.("BANA"), have reached a proposed settlement of the disputes between them in the above-captioned action, embodied in a Settlement Agreement and Release (the "Settlement Agreement") dated July 11, 2014 and filed with the Court;

WHEREAS, on July 14, 2014, after holding a hearing on preliminary approval, the Court conditionally certified a settlement class in the above-captioned action and preliminary approved the settlement of this Action as set forth in Settlement Agreement[1];

WHEREAS, Notice of the settlement was disseminated in the manner and via forms approved by the Court, including a Long Form Notice, Publication Notice, and a Press Release. In particular:

    A.  On July 24, 2014, a notice that meets the requirements of CAFA, 28 U.S.C. § 1715 was served on the relevant state and federal authorities;

    B.  The Publication Notice was published on July 29, 2014 in the Akron Beacon Journal,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement and Release dated July 11, 2014 (the "Settlement Agreement").

the Cincinnati Enquirer, the Columbus Dispatch; the Dayton Daily News, the Toledo Blade, and USA Today, and on July 30, 2014 in the Cleveland Plain Dealer;

C. On July 28, 2014: (i) the Class Settlement Website containing the Preliminary Approval Order; the Long Form Notice; the Publication Notice, the Settlement Agreement, and other documents relevant to the Settlement Agreement went live; and (ii) the toll-free phone line system was established and hosted the toll-free number where Settlement Class Members can listen to answers to frequently asked questions and request copies of the Long Form Notice. Also on July 28, 2014, the hyperlink to the Publication Notice and the Long Form Notice was published on Class Counsel's website; and

D. On July 29, 2014, Class Counsel issued the press release that referred readers to the Settlement Website and Statman Harris's Website through GlobeNewswire.

WHEREAS, on November 4, 2014, a final approval hearing ("Final Hearing") was held before this Court at which all Parties were represented and 0 objectors appeared, and the Court has reviewed all properly filed written objections and heard argument from the Parties' counsel;

WHEREAS, Plaintiff has moved, pursuant to Fed. R. Civ. P. 23(a) and (b)(2), for a final judgment certifying the class solely for purposes of settlement and pursuant to Fed. R. Civ. P. 23(e) for a final judgment approving the settlement of this Action as set forth in the Settlement Agreement; and

WHEREAS, the Court having considered all matters and papers submitted to it in connection with the Final Hearing and otherwise being fully informed, concludes that substantial and sufficient grounds exist for entering the Final Approval Order and Judgment.

THIS COURT FINDS and ORDERS as follows:

1.     The Settlement Agreement, including any attachments thereto, is expressly incorporated by reference into this Final Approval Order and Judgment and made a part hereof for all purposes.

2.     The Court has personal jurisdiction over the Parties and all Settlement Class Members and has subject matter jurisdiction over this Action.

3.     Solely for the purpose of settlement, in accordance with the Settlement Agreement, the Court finds and concludes that the prerequisites to an injunctive-relief class action, as identified in Fed. R. Civ. P. 23(a) and 23(b)(2) are satisfied, and the Court hereby certifies the following Settlement Class, pursuant to Fed. R. Civ. P. 23(b)(2):

> All borrowers who, as of the Effective Date, have a residential mortgage either owned by or serviced by BANA, and who were charged Court Costs by BANA, or its attorneys or agents in connection with a residential mortgage foreclosure action ("Foreclosure Action") filed by BANA, either for itself or on behalf of investors for whom BANA services mortgage loans, in a court within the State of Ohio, on or after May 2, 2005 (the "Class Period"), and where BANA, or its attorneys or agents were provided Refunded Court Costs in the Foreclosure Action, which BANA, or its attorneys or agents failed to refund and/or credit in whole or part to the borrower. Excluded from the Settlement Class are borrowers who are: (1) employees of BANA; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case; (3) any attorneys representing Plaintiff; and (4) all governmental entities.

4.     Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds as to the class that:

> a.  The Settlement Class Members are so numerous that joinder of all such Settlement Class Members is impracticable;
>
> b.  There are questions of law and fact common to the Settlement Class;
>
> c.  Plaintiff's claims are typical of the claims of the Settlement Class;

3

d.  Plaintiff and Class Counsel have fairly and adequately protected and represented the interests of the Class;

e.  The Action seeks injunctive relief;

f.  BANA has acted or refused to act on grounds that apply generally to the class, so that the final Injunctive Relief provided by the Settlement Agreement is appropriate respecting the class as a whole; and

g.  Because this Action is being settled and not litigated, the Court need not consider manageability issues that might be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 620 (1977).

5.  For the purpose of the Settlement, the Court appoints Plaintiff Kathleen Collins as Settlement Class Representative, and appoints Statman, Harris, & Eyrich LLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

6.  The Court finds and concludes that the Parties provided adequate notice pursuant to Fed. R. Civ. P. 23(e) and the Court's Preliminary Approval Order.

7.  The above Settlement Class is certified solely for the purpose of the settlement embodied in the Settlement Agreement. The Court finds and orders that BANA has not conceded that this Action or any similar case is amenable to class certification for trial purposes, and orders that nothing in this Final Order or in the Settlement Agreement shall prevent BANA or Plaintiff from opposing or supporting class certification, or seeking de-certification, if this Final Order approving the Settlement Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

8.   The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things:

    a.   there is no fraud or collusion underlying this Settlement Agreement, and it was reached after good faith, arms' length negotiations, warranting a presumption in favor of approval;

    b.   Plaintiff's likelihood of success on the merits balanced against the amount and form of relief offered weighs in favor of settlement;

    c.   the complexity, expense and likely duration of the litigation weigh in favor of settlement;

    d.   the stage of the proceeding and the amount and results of discovery weigh in favor of settlement;

    e.   counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action and they are in a position to enable the Parties to make an informed decision as to the fairness and adequacy of the settlement, and their judgment and experience weigh in favor of settlement;

    f.   the nature of the negotiations weighs in favor of the settlement;

    g.   the number and nature of the objections raised by Settlement Class Members weigh in favor of settlement; and

    h.   the public interest weighs in favor of settlement. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 245 (S.D. Ohio 1991).

9.   Accordingly, the Court finds that the terms of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are

hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Plaintiff and Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

10. The Court therefore approves the Settlement Agreement. The Court directs the settlement to be consummated in accordance with the terms and conditions set forth in the Settlement Agreement.

11. Subject to the terms and conditions of the Settlement Agreement, the Court enters an injunction against BANA requiring it to comply with the tracking, handling, and crediting/refunding requirements set forth in Section V of the Agreement. The Court finds this injunction is necessary to provide relief to the settlement class. Accordingly, the Court orders the following injunction:

    a. Unless otherwise stated below, BANA shall implement the relief in this Paragraph 11(a) within thirty (30) days after the Effective Date:

        i. BANA shall issue two written communications during the first year after the Effective Date to all foreclosure counsel it retains in the State of Ohio notifying foreclosure counsel of its duty to (a) notify BANA within forty-five (45) days from the time they are incurred of all charges for Court Costs which Court Costs shall not be bundled with any other cost or expense and to include the appropriate form and code to trace the Court Costs to each borrower's account, provided, however, that foreclosure counsel is not required to bill outstanding costs (including Court Costs) to BANA that, in the aggregate, are below $500.00 until the aggregate of outstanding costs exceeds $500.00 or at the time of a final billing, whichever is earlier; (b) within five (5) business days of receipt, deposit all Refunded Court Costs issued by a court in the State of Ohio in the name of foreclosure counsel in such foreclosure counsel's IOLTA account; (c) (1) if the Refunded Court Costs were issued by a court in the State of Ohio in the name of foreclosure counsel, send a check from the foreclosure counsel's IOLTA account to BANA in the amount of the Refunded Court Costs within thirty (30) days of receipt of the Refunded Court Costs; or (2) if the Refunded Court Costs were issued by a court in the State of Ohio in BANA's name, send the Refunded Court Costs check

issued by the court to BANA within thirty (30) days of receipt of the Refunded Court Costs (the Refunded Court Costs provided to BANA, whether directly from the court or from foreclosure counsel's IOLTA account, shall be the "Refund Check"); (d) make the Refund Check in the full amount of the Refunded Court Costs without any offset or deduction; and (e) provide with the Refund Check the appropriate forms and codes for the proper tracking of the Refunded Court Costs;

ii.  BANA will require the following of all foreclosure counsel, including newly retained foreclosure counsel, in the State of Ohio: (a) notify BANA within forty-five (45) days from the time they are incurred of all charges for Court Costs which Court Costs shall not be bundled with any other cost or expense and to include the appropriate form and code to trace the Court Costs to each borrower's account, provided, however, that foreclosure counsel is not required to bill outstanding costs (including Court Costs) to BANA that, in the aggregate, are below $500.00 until the aggregate of outstanding costs exceeds $500.00 or at the time of a final billing, whichever is earlier; (b) within five (5) business days of receipt, deposit all Refunded Court Costs issued by a court in the State of Ohio in the name of foreclosure counsel in such foreclosure counsel's IOLTA account; (c) (1) if the Refunded Court Costs were issued by a court in the State of Ohio in the name of foreclosure counsel, send a check from the foreclosure counsel's IOLTA account to BANA in the amount of the Refunded Court Costs within thirty (30) days of receipt of the Refunded Court Costs; or (2) if the Refunded Court Costs were issued by a court in the State of Ohio in BANA's name, send the Refunded Court Costs check issued by the court to BANA within thirty (30) days of receipt of the Refunded Court Costs (the Refunded Court Costs provided to BANA, whether directly from the court or from foreclosure counsel's IOLTA account, shall be the "Refund Check"); (d) make the Refund Check in the full amount of the Refunded Court Costs without any offset or deduction; and (e) provide with the Refund Check the appropriate forms and codes for the proper tracking of the Refunded Court Costs.

iii.  BANA will train its employees involved in the processing of Court Costs as to how to properly direct, track, code, refund, and/or credit Court Costs and/or Refunded Court Costs incurred in the State of Ohio in accordance with Paragraph 11(a)(i-ii), (iv), (vi)–(vii), as appropriate to the particular employee's responsibilities and duties.

iv.  If a Refund Check represents a refund of Court Costs charged to the borrower in a Foreclosure Action in the State of Ohio, BANA shall cause the Refund Check to be appropriately applied to the borrower's account or refunded to the borrower within (a) thirty (30) business days from receipt by BANA of such Refund Check if, at that time, the borrower's account is currently serviced by BANA; or (b) forty-five (45) days from receipt by

BANA of such Refund Check if, at that time, the borrower's account has been service-released or other circumstances are present reasonably requiring a delay.

v. BANA shall ensure that its internal electronic system can itemize and date receipt of: (a) the full amount (without addition or deduction) of all Court Costs assessed in each Foreclosure Action in the State of Ohio; (b) the full amount of Refunded Court Costs (without offset or deduction) provided in the Foreclosure Action in the State of Ohio such that the Court Costs and the Refunded Court Costs can be identifiable, dated and separately traceable;

vi. BANA shall integrate a process as part of its existing oversight of its foreclosure counsel and BANA's procedures to monitor all of its foreclosure counsel in the State of Ohio involved in the handling, charging, refunding/and or crediting of Court Costs and/or Refunded Court Costs, as applicable, in accordance with this Paragraph 11(a)(i-ii);

vii. BANA's audits of foreclosure counsel in the State of Ohio shall include a statistically significant audit of (a) such foreclosure counsel's receipt of Refunded Court Costs in the Foreclosure Action; and (b) compliance with the procedures set forth in Paragraph 11(a)(i-ii) herein.

b. Independently and wholly separate of the relief set forth above in Paragraph 11(a), BANA shall request all of its current foreclosure counsel practicing in the State of Ohio to review its files for foreclosures during the Class Period concerning its practices for processing and refunding to BANA (or the borrower) any and all Court Costs and Refunded Court Costs. Foreclosure counsel conducting such reviews shall provide BANA with a report setting forth for each foreclosure case in which such foreclosure counsel received Refunded Court Costs: (i) the borrower's name, (ii) the foreclosure case number, (iii) the date and the full amount (without addition or deduction) of all Court Costs incurred in the Foreclosure Action; (iv) the date and the full amount (without addition or deduction) of all Refunded Court Costs in the Foreclosure Action and (v) the date and amounts of all payments and/or credits from such foreclosure counsel to BANA (or the borrower) of the Refunded Court Costs. To the extent foreclosure counsel is not able to access sufficient information to determine whether a Refunded Court Cost was provided and/or whether it provided BANA (or the borrower) with that Refunded Court Cost during the Class Period, it shall review its foreclosure actions as far back in time as possible within the Class Period.

c. The Relief set forth in Paragraph 11(a) (including any of its subparts) is subject to modification by BANA, without court approval or modification, if it conflicts with any existing or future law, statute, or regulation, or if the Ohio courts cease issuing Refunded Court Costs. The Relief set forth in Paragraphs 11(a)(vi) and (vii) are subject to modification by BANA, without court approval or

modification, for good cause if, after five years from the Effective Date, audits of foreclosure counsel in the State of Ohio pursuant to Paragraphs 11(a)(vi) and (vii) do not reveal compliance failures.

Provided that BANA shall have taken or cause to be taken all the actions set forth in Section V of the Settlement Agreement, which is fully set forth above in Paragraph 11, BANA shall be deemed to have complied with the injunction set forth in this paragraph.

12.    The Court discharges and releases the Released Parties from each of the Released Claims, as provided in the Settlement Agreement.

13.    The Action is hereby dismissed (a) with prejudice as to (i) all of Plaintiff's Claims and (ii) the Class's Injunctive Relief Claims, and (b) without prejudice as to any Damage Claims.

14.    Notwithstanding anything stated elsewhere in this Final Order or the Settlement Agreements, Settlement Class Members (except Plaintiff) are not barred by this Final Order or by the Settlement Agreement from bringing Damage Claims, either through an individual action or through the procedural device of a class action (except under Fed. R. Civ. P. 23(b)(2), or any similar state law rule) in any future lawsuit against BANA related to Refunded Court Costs or the claims asserted in this Action. Nor is BANA barred from disputing the merits of such claims or their eligibility for class certification in any future proceeding.

15.    The Released Parties are permanently barred and enjoined from instituting, maintaining or prosecuting either directly or indirectly, any lawsuit that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16.     This Final Order and the Settlement Agreement, whether or not it shall become final, the Injunctive Relief provided by BANA, and any and all negotiations, discussions and /or communications associated with the Settlement Agreement, shall not:

a.  Be deemed, used, offered or received against BANA (i) as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the litigation, or any alleged wrongdoing, liability, negligence, or fault of BANA; (ii) as an admission of the appropriateness of class certification for trial or dispositive motion proceedings; (iii) as a waiver of BANA's right to challenge class certification if this Settlement Agreement is terminated for any reason; or (iv) as an admission of, or evidence of, any fault or omission of BANA in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal;

b.  Be deemed, or used, offered or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any Released Class Claims or Released Plaintiff Claims raised in the Action, the availability or lack of availability of meritorious defenses to the Released Class Claims or the Released Plaintiff Claims raised by BANA in the Action or an admission, concession or evidence of lack of suitability of this Action for class certification under Fed. Civ. R. 23(b)(1) or (b)(3) on the part of Plaintiff; or

c.  Be deemed, or used, offered or received against the Released Parties, or each or any of them, (i) as an admission or concession with respect to any liability,

negligence, fault or wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (ii) as an admission of the appropriateness of class certification for trial or dispositive motion proceedings.

However, this Final Order and the Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to the Settlement Agreement may be used in any proceedings as may be necessary to effectuate the *provisions* thereof. In addition, any party or any of the Released Parties may file this Final Approval Order and Judgment and/or the Settlement Agreement in any action that may be brought against such Party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

17.     The Court approves the payment of the Representative Plaintiff Award in the amount of $5,000.00.

18.     The Court approves an award to Class Counsel in the amount of $617,500.00 covering all of Class Counsel's reasonable fees, costs and expenses pursuant to Fed. R. Civ. P. 23(h).

19.     The Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement Class Members, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Final Approval Order and Judgment, including, without limitation, for the purpose of:

11

a.  enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and/or this Final Approval Order and Judgment (including without limitation: whether a Person is a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Approval Order and Judgment; and whether any Person is enjoined from pursuing any claims);

b.  entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and Judgment, or to ensure the fair and orderly administration of the Settlement Agreement; and

c.  entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties and the Settlement Class Members.

20.  Notwithstanding anything to the contrary in this Final Approval Order and Judgment, the dismissal with prejudice of this Action shall not affect, alter or diminish in any way the ability of Class Members (except Plaintiff) to bring Damage Claims, either through an individual action or through the procedural device of a class action (except under Fed. R. Civ. P. 23(b)(2)), or any similar state law rule, against BANA related to Refunded Court Costs or the claims asserted in this Action.

21.  Pursuant to Fed. R. Civ. P 54(b), there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

12

Date: November 4, 2014                                    /s Timothy S. Black
                                                         Judge Timothy S. Black
                                                         United States District Judge